UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JASON CALVILLO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>D. K. SISTO, et al.,<br><br>　　　　Respondents. | 1:08-cv-00419-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on March 6, 2008.[1] (Doc. 1). When the Court's preliminary review of the petition revealed that the petition may be untimely and should therefore be dismissed, the Court, on May 22, 2008, issued an order to show cause why the petition should not be dismissed as untimely. (Doc. 11).

On July 25, 2008, Petitioner filed a response, indicating that his attorney on appeal had never advised him of the one-year limitations period. (Doc. 14). Petitioner also contends that a jailhouse lawyer discovered a potential claim on February 2006, apparently related to the effect of some illness

---

[1] In Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379 (1988), the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston, 487 U.S. at 276. The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The rule is used to assess the timeliness of federal habeas filings under the AEDPA limitations period. Here, the petition was signed on March 6, 2008 by Petitioner but was not filed in this Court until March 13, 2008. Using the "mailbox" rule set forth in Houston, the earliest date when the petition could have been deemed filed is the date Petitioner signed it, i.e., March 6, 2008.

1

of trial counsel on trial counsel's representation of Petitioner at trial. (Id.). Petitioner contends that he then contacted his former appellate counsel to ask about this issue, and he attached to his response counsel's reply. (Id.). His former appellate attorney writes that, to establish such a claim, Petitioner would have to obtain a declaration from trial counsel regarding the nature and effect of the illness. (Id. at p. 4). The letter also indicates that appellate counsel had a "vague recollection" about talking to trial counsel about the matter and the latter indicated that the illness had no effect on him at trial. (Id.). Petitioner now contends that his federal petition is untimely because his former appellate attorney counseled him against raising this claim. The Court finds this explanation insufficient to justify the delay.

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. In Herbst v. Cook, the Ninth Circuit concluded that a district court may dismiss sua sponte a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1041-1042 (9th Cir. 2001). The Court's order to show dated May 22, 2008 provided Petitioner with such notice. (Doc. 11).

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059. The instant petition was filed on March 6, 2008, and is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review from Petitioner's direct review was denied by the California Supreme Court on August 10, 2005. (Doc. 1, p. 2). Thus, direct review would conclude on November 8, 2005, when the ninety-day period for seeking review in the United States Supreme Court expired. Brambles v. Duncan, 412 F. 3d 1066, 1069 (9th Cir. 2005)(citing Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir.1999)). Petitioner would have one year from November 9, 2005,[2] absent applicable tolling, in which to file his federal petition for writ of habeas corpus. The one-year period would thus have expired on November 8, 2006. As mentioned, the instant petition was not filed until March 6, 2008, approximately sixteen months after the expiration of the statutory period for filing a federal petition. Thus, unless Petitioner is entitled to statutory or equitable tolling sufficient to make the petition timely, it is untimely and should be dismissed.

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d 557, 560-561 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Ninth Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Nino, 183 F. 3d at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

This statutory tolling will apply if a state petition has been "properly filed."  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations).  A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system.  See also, Nino, 183 F.3d at 1006-1007 (intervals tolled

---

[3]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2.  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

4

between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)(no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006). However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

The limitations period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the Superior Court of Kern County on January 4, 2007, and denied on February 22, 2007; (2) petition filed in the 5th DCA on April 6, 2007, and denied on April 19, 2007; and (3) petition filed in the California Supreme Court on June 5, 2007 and denied on October 10, 2007.

Even assuming, without deciding, that each of the three petitions was "properly filed" within the meaning of the AEDPA, they nevertheless do not entitled Petitioner to statutory tolling of the one-year period because that period had expired *before* the first of the three state habeas petitions was filed. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

///

Here, as mentioned, the limitations period expired on November 8, 2006, over three months *before* Petitioner filed his first state habeas petition. Accordingly, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA as to any of these three petitions. Because none of these state court petitions are entitled to statutory tolling under the AEDPA, the limitations period expired on November 8, 2006. Thus, the instant petition was filed on March 6, 2008, over sixteen months late.

### D. Equitable Tolling

The limitations period is subject to equitable tolling when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Spitsyn v. Moore, 345 F. 3d 796, 799 (9th Cir. 2003)(quoting Brambles v. Duncan, 330 F. 3d 1197, 1202 (9th Cir. 2003)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner bears the burden to establish that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F. 3d 1021, 1026 (9th Cir. 2005). In Allen v. Lewis, 255 F. 3d 798, 800-801 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness."

Here, Petitioner does not deny that the petition is untimely. Rather, he contends that the delay in filing was due to "relying on advice of appeal counsel," and not "laziness or recalcitrance." (Doc. 14, pp. 2-3). The Ninth Circuit held that "the miscalculation of the statute of limitations period by [petitioner's] counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1145-1146 (9th Cir. 2001); see also Miranda v. Castro, 292 F.3d 1063, 1066-1067 (9th Cir. 2002)(counsel's prejudicial miscalculation of deadline not "extraordinary circumstance"). Here, in contrast to the cited cases, there is no indication that Petitioner's former appellate counsel was negligent in any way or that he gave Petitioner false advice. To the contrary, counsel merely explained what Petitioner would have to do in order to establish his claim. The fact that Petitioner chose not to follow that advice by obtaining a declaration from trial counsel regarding the effects, if any, of his illness during

trial, or that Petitioner failed to otherwise pursue this claim, is the responsibility solely of Petitioner, not his former appellate attorney.  That attorney did nothing to prevent or preclude Petitioner from pursuing his claim, nor did former counsel mislead Petitioner in any way.  Thus, contrary to Petitioner's assertions, his conduct does reflect a lack of due diligence.

**RECOMMENDATIONS**

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 10, 2008**                              /s/ Theresa A. Goldner
                                                     UNITED STATES MAGISTRATE JUDGE